IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

96 MAY 23 PM 2:29

CLERK-ALBUQUERQUE

| | |
|---|---|
| UNITED TRANSPORTATION UNION, LOCAL 1745<br>ROBERT C. GUTIERREZ, Chairman;<br>JOHN D. HUNTER. President; and<br>JOHN BARNES, ANTHONY CHAVEZ,<br>DAVID LOVATO, DOROTHEA MONTANO,<br>DALE J. PADILLA, JACOB ROMERO,<br>LEROY SAAVEDRA, PATRICIA SANDOVAL,<br>and similarly situated<br>MOTORCOACH OPERATORS,<br><br>vs.<br><br>CITY OF ALBUQUERQUE,<br>MARTIN CHAVEZ, Mayor,<br>LAWRENCE RAEL, Chief Administrative Officer, | CIV 96 0716 LH<br><br>DON J. SVET |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND COMPENSATORY RELIEF FOR VIOLATIONS OF THE F.L.S.A.

**PLAINTIFFS** present the following Complaint seeking declaratory, injunctive and compensatory relief against the City of Albuquerque Defendants for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§201, *et seq.*, stating as grounds:

### PARTIES AND JURISDICTION

1. This is an action by 10 City of Albuquerque Motorcoach Operators (bus drivers) and other similarly situated Motorcoach Operators and former Motorcoach Operators who will be joined subsequently in this action by filing their consent and authorization of representation.

2. Plaintiffs are all residents of Albuquerque, Bernalillo County, or the surrounding area; Plaintiffs are current or former bus drivers for the City of Albuquerque.



3. Plaintiffs are employees within the meaning of the FLSA, 29 U.S.C. §203, in that each is employed as a bus driver by the City of Albuquerque, a political subdivision of the State of New Mexico.

4. The **City of Albuquerque** is the municipal government of Albuquerque, Bernalillo County, New Mexico. **Martin Chavez** is the Mayor of the City and **Lawrence Rael** is the City's Chief Administrative Officer.

5. This Court has jurisdiction pursuant to 29 U.S.C. §216(b) because this action arises under the FLSA, a Federal law; pursuant to 28 U.S.C. §1331 because this action involves a question of Federal law; and pursuant to 28 U.S.C. §1337, because this action arises under Acts of Congress regulating commerce. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) and 29 U.S.C. §1854.

## FACTUAL BACKGROUND

7. The bus drivers generally report to the City garage at 601 Yale Boulevard, SW, Albuquerque, to check in and to begin their runs. At the end of the day the buses generally return to the City garage.

8. Upon their arrival at work the drivers are expected to park their private vehicles in a parking area located some distance from the City garage. The City does not provide or allow parking at or immediately around the garage, but encourages the drivers to use the parking area. The City sometimes provides a shuttle service between the parking area and the City garage.

9. Many of the drivers are assigned to split runs. This means that they drive one assigned route in the morning and another in the afternoon. At the start of their first (morning) run, Plaintiffs are required to check out their buses, making sure they are ready to begin the run.

10. Upon the completion of the first part of their driving duties drivers are often relieved at a relief point downtown or at another location further away from the City garage.

11. The drivers who are relieved usually return to the City garage by a shuttle service provided by the City. The Collective Bargaining Agreement provides that the City will furnish such shuttle service at no less than 20 minute intervals. Typically, the drivers were provided with a City vehicle to drive themselves to and from the relief points.

12. At the start of the second part of their split runs, the City again provides shuttle service to get the relieving drivers to their relief points and to return relieved drivers to the garage.

### COUNT 1

13. The City has never paid the bus drivers for the time they spend in traveling to and from the relief points. No matter how long it takes, the City refuses to pay Plaintiffs for the time they must spend in getting to and from the mandated relief points.

14. The City has never paid the drivers for the time spent between the first part and the second part of their split runs.

15. In October, 1995, the City unilaterally eliminated the shuttle service and required relieved and relieving drivers to take a fixed-route bus between the City garage and the relief point.

16. When the City discontinued the shuttle service and required the drivers to take fixed route buses to and from their relief points the City disregarded the substantial amount of additional time those drivers were required to spend in getting to and from the relief points.

17. Following UTU's Complaint of Unfair Labor Practices, the City Labor-Management Relations Board ordered the City to reinstate the shuttle service that was in effect on July 13, 1995, and to renegotiate the terms of the shuttle service provided by the City. The City Labor Board expressly declined to consider or rule on any issues of compensation for the relief shuttle time.

18. The City has failed to pay its bus drivers for each and every compensable hour worked in the City's employment in a work week longer than 40 hours, including the time spent traveling to and from the relief points, thereby violating the FLSA, 29 U.S.C. § 207(a).

19. The City has failed to credit the bus drivers with the actual number of compensable hours worked, including time between the garage and relief points and time between parts of the split runs, and the City has failed to supplement the drivers' wages so as to pay them for such time at a rate not less than one and one-half times their regular rate of pay.

20. The City has failed to pay overtime pay for time worked by the drivers over at least the last five years.

21. As a result of the violations of the FLSA set forth in this action, Plaintiffs are entitled to recover the full amount of their unpaid wages and an equal amount as liquidated damages, in accordance with the provisions of the FLSA, 29 U.S.C. § 216(b).

22. In failing to pay Plaintiffs the amount of wages they are owed under the provisions of the FLSA, Defendants acted knowingly, deliberately, and in violation of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment in favor of Plaintiffs, awarding to each his unpaid overtime wages and an equal amount as liquidated damages as provided by law;

b. An injunction enjoining Defendants from further violations of the FLSA;

c. Award of Plaintiffs' costs and reasonable attorneys fees;

d. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

_____
Paul Livingston
Attorney for Plaintiffs
P.O. Box 90908
Albuquerque, NM 87199
(505) 823-4410