IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED TRANSPORTATION UNION**
**lOCAL 1745, et al.,**

   **Plaintiffs,**

v.                  CIV. No. 96-716 LH/DJS-ACE

**CITY OF ALBUQUERQUE, et al.,**

   **Defendants,**

and

**JIMMY S. ANDERSON, et al.,**        Consolidated With

   **Plaintiffs,**

v.                  CIV. No. 99-208 MV/LFG-ACE

**CITY OF ALBUQUERQUE, et al**

   **Defendants.**

## MEMORANDUM OPINION AND ORDER

   **THIS MATTER** comes before the Court on City Defendants' Revised Motion to Dismiss (Docket No. 274). This motion seeks dismissal of Count 4 of the Amended Complaint filed on March 1, 1999, in *Anderson v. City of Albuquerque*, CIV No. 99-208 MV/LFG-ACE ("Lawsuit II"). Count 4 is entitled "Prohibited Labor Practices." In its motion, the City contends that this claim is barred because it should have been brought as an administrative complaint before the City Labor-

Management Relations Board and that any adverse decision could then have been brought to state court as an on-the-record appeal. The Court, having considered the motion and briefs of the City on the issue, having noted the absence of a response brief by Plaintiffs, concludes that the motion is well taken and shall be **granted**, resulting in dismissal of Count 4.

**Discussion**

Ordinarily, a non-movant's failure to respond to a motion is construed as consent to the granting of the motion. D.N.M.LR.CIV. 7.5 ("Failure to serve (or file, if required by these rules) a response in opposition to any motion constitutes consent to grant the motion.")

Specifically, in Count 4 Plaintiffs claim that the City committed unfair and prohibited labor practices with respect to its failure to pay overtime wages and benefits, and failures to negotiate or arbitrate over the hours, length of workday, pay, benefits, status and rights of Plaintiffs.

In its motion to dismiss the City argues that an administrative complaint to the City's labor board is the sole and exclusive remedy for Plaintiffs' claims that the City engaged in prohibited labor practices. The City's brief outlines the Labor-Management Relations Ordinance, designed to govern the collective bargaining relationship between the City and the unions representing City employees. This ordinance creates a Labor Board, intended to adjudicate labor/management controversies. Any appeal of this board's decision, must be by writ of certiorari, issued by the state court in exercise of that court's appellate jurisdiction. *See Conwell v. Albuquerque*, 97 N.M. 136 (1981). Generally, except in cases of a public emergency, exhaustion of administrate remedies before Labor Board is required. *See Albuquerque v. Campos*, 86 N.M. 488 (1974).

It is unclear whether or not the issues raised in Count 4 were ever raised before the Labor Board. It is clear however that, if raised, there has been no appropriate appeal to state court or to

this Court. Plaintiffs did not file a responsive brief, in violation of Local Rule 7.5. For both of these reasons, the City's motion to dismiss shall be **granted.**

    **IT IS SO ORDERED**.

_____<br>
**UNITED STATES DISTRICT JUDGE**