IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED TRANSPORTATION UNION**
**LOCAL 1745, et al.,**

   **Plaintiffs,**

v.                  **CIV. No. 96-716 LH/DJS-ACE**

**CITY OF ALBUQUERQUE, et al.,**

   **Defendants,**

**and**                    **Consolidated With**

**JIMMY S. ANDERSON, et al.,**

   **Plaintiffs,**

v.                  **CIV. No. 99-208 MV/LFG-ACE**

**CITY OF ALBUQUERQUE, et al.**

   **Defendants.**

## MEMORANDUM OPINION AND ORDER

   **THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment on Count 3 of Plaintiffs' Amended Complaint (Docket No. 290). In CIV No. 99-208 MV/LFG-ACE,

1

Count 3 of the complaint alleges the City breached their employment contract and violated their due process rights. The Court has reviewed Defendants' motion and supporting memorandum, and notes that, although Defendants' pleadings were filed in April 2001, Plaintiffs have not filed a response. On May 16, 2001, Defendants filed a Notice of Completion (Docket No. 293), indicating that opposing counsel had neither asked for an extension of time nor filed a response to the motion. In this Notice, Defendants request their motion be granted pursuant to Local Rule 7.5(b), which provides "failure to serve a response in opposition to any motion constitutes consent to grant the motion." No pleadings relating to this motion have been filed since the May 16 Notice of Completion.

Rather than grant the motion solely due to the procedural default of Plaintiffs, I will consider the merits of Defendants' motion to the greatest extent possible.

Insofar as the contract claims are concerned, Defendants argue that the City did not breach any employment contract with Plaintiffs and that the statute of limitations would bar recovery by twelve Plaintiffs in any event. Defendants argue that Plaintiffs' procedural due process rights were not violated because as temporary employees, Plaintiffs had no procedural due process rights. As to the substantive due process claims, Defendants argue that Plaintiffs cannot prove that the City's decision to classify them initially as temporary employees was arbitrary or conscience shocking. As to all these issues, Defendants contend there are no genuine issues of material fact.

Defendants' arguments appear to be well taken, although it is impossible to evaluate their arguments fully, in the absence of any countervailing arguments from Plaintiffs. Given the failure of Plaintiffs to respond to Defendants' motion for summary judgment, which the Court construes as consent to grant the motion, coupled with the apparent merit of Defendants' motion, I conclude that

Defendants' motion will be granted and that Count 3 will be dismissed without prejudice.

**WHEREFORE,** for the above-stated reasons, Defendants' Motion for Summary Judgment on Count 3 of Plaintiffs' Amended Complaint (Docket No. 290) is **granted**, and Count 3 of Plaintiffs' complaint is hereby **dismissed without prejudice.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**