IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED TRANSPORTATION UNION**
**LOCAL 1745, et al.,**

  **Plaintiffs,**

v.                CIV. No. 96-716 LH/DJS-ACE

**CITY OF ALBUQUERQUE, et al.,**

  **Defendants,**

and                Consolidated With

**JIMMY S. ANDERSON, et al.,**

  **Plaintiffs,**

v.                CIV. No. 99-208 MV/LFG-ACE

**CITY OF ALBUQUERQUE, et al.**

  **Defendants.**

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment on Plaintiffs' Fair Labor Standards Act Claims (Docket No. 287). The Court, having considered the briefs of the parties as well as applicable caselaw, for the reasons that follow, concludes that Defendants' motion is well taken and shall be **granted.**

**I.  Background**

As noted in the caption, this litigation involves two consolidated cases.  The first of these, CIV  No. 96-716 LH/DJS-ACE ("Lawsuit I"), alleged claims under the Fair Labor Standards Act ("FLSA"), for Defendants' refusal to pay for mid-workday travel and waiting time resulting from split shift scheduling and driver reliefs away from the Transit Garage.  Lawsuit I was brought by 155 bus drivers employed or formerly employed by the Defendant City of Albuquerque.  On October 23, 1997, this Court ruled on Defendants' motion for summary judgment and entered an order that provided:

> 1.  Time spent by Plaintiffs in traveling in City operated shuttles to relief points for their first or only bus run of the day and from their last or only bus run of the day **is not hours worked under the Portal to Portal Act.**
>
> 2.  Time spent by Plaintiffs in traveling in City operated shuttles from a relief point after their first run of the day or to a relief point for their second run of a day, when the Plaintiffs work a split shift is not subject to the Portal to Portal Act's exclusion and is compensable.
>
> 3.  Time spent which is one hour or more between split runs **is not spent predominately for the benefit of the City and is not compensable**.  Periods of time of less than one hour between split runs present an unresolved fact issue.
>
> 4.  The City and the individual Defendants in failing to compensate for the shuttle time described in paragraph two above had a good faith belief that their conduct did not violate the Fair Labor Standards Act and thus **Plaintiffs were not entitled to liquidated damages.**
>
> 5.  Plaintiffs have failed to prove that the City and individual Defendants acted wilfully with regard to their failure to compensate for the time described in paragraph two above.  Therefore, the two year statute applies.

*See* Order ( Docket No. 192)(emphasis added).  In essence, this order allowed compensation for time spent by Plaintiffs in traveling on City operated shuttles to and from relief points at the

beginning and end of their split shift periods and denied compensation for all of Plaintiffs' other claims, except for that period of time less than one hour between split runs, which the Court found to be an unresolved fact issue. This ruling was appealed and ultimately affirmed by the Tenth Circuit Court of Appeals on May 28, 1999. The primary issue remaining for Lawsuit I Plaintiffs is to determine the amount of damages due to them for the compensable claim they have, as affirmed by the Tenth Circuit.[1] This primary relief is addressed by a separate Memorandum Opinion and Order that will be entered simultaneously with this one, sending the remaining accounting issues to a special master. Nothing contained in Plaintiffs' brief in response to the immediate motion changes the scope of relief due to the Lawsuit I plaintiffs.

Following removal, 73 additional bus drivers filed suit in this Court on March 1, 1999, in CIV No. 99-208 MV-LFG-ACE ("Lawsuit II"). These Plaintiffs made basically the same FLSA claims as were made in Lawsuit I. In addition, they alleged that the City breached a contract and violated due process rights, allegedly resulting in a loss of pay and other employment benefits for the Plaintiffs.

This Court consolidated these two lawsuits for all purposes on May 14, 1999 (Docket No. 234).

Defendants' motion states that several issues were raised and decided, or could have been raised and decided in Lawsuit I, and that relitigation of these issues is now barred by the doctrine of *res judicata.* These issues are:  (a)  time spent which is one or more hours between "split

---

[1] The Court is aware that those periods of time of less than one hour between split runs were at issue in Lawsuit I and that the Court concluded that an unresolved fact issue remained. Another unresolved issue relates to extra board driver compensable shuttle travel time. There has been no *res judicata* effect relating to this issues. These issues are addressed in a separate  Memorandum Opinion and Order (relating to the appointment of a Special Master), that will be filed simultaneously with this one.

shifts"; (b)  shuttle time going to a relief point for their first or only bus run of the day and from their last or only bus run of the day; (c)  liquidated damages; (d)  the applicability of the two-year statute of limitations; and (e)  time spent walking to and from and waiting at relief points.

## II.  Doctrine of Res Judicata

Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action.  *King v. Union Oil Co. of Cal.,* 117 F.3d 443, 445 (10th Cir. 1997). The purpose of *res judicata* is to "relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication."  *Satsky v. Paramount Communications, Inc*. 7 F.3d 1464, 1467 (10th Cir. 1993). "In our system of jurisprudence the usual rule is that merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum."  *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 485 (1982).

To bar a claim by *res judicata*, three elements must exist:  (1)  a final judgment on the merits in the prior suit;  (2)  identity of the cause of action in both suits; and, (3)  identity of parties or their privies in the two suits.

### A.  Final Judgment on the Merits in Prior Lawsuit

In Lawsuit I, an interlocutory appeal was taken on all FLSA claims decided by this Court. The Tenth Circuit affirmed this Court's October 23, 1997 order.  It is my opinion that this affirmance accords *res judicata* effect to that order.  Although not "final" in the traditional, strict sense, those portions of Lawsuit I have been appealed and affirmed, and are therefor sufficiently

4

final for claim preclusion. The contents of that order are no longer open to further review by a higher court, and so are final in that sense. *See Phillips USA, Inc. v. Allflex USA, Inc*, 1994 WL 398221, at *4 (D.Kan.July 19, 1994), *aff'd*, 77 F.3d 354, 361 (10th Cir. 1996)(in a related case, finding that the mere fact that damages have not been assessed does not deprive the determination of liability of any *res judicata* effect it might otherwise have).

> Where a judgment as to liability between the parties has been rendered and affirmed on appeal, and the only remaining question is 'how much more does the defendant owe,' there is no justification for exposing that defendant to the expense of a second lawsuit which is based on the same transactions or occurrences of the original action.

*Phillips*, 1994 WL 398221, at *8. As noted in the *Phillips* case, "the unique circumstances of this case require a more practical approach to the issue of finality in order to uphold the policies and effect the purpose behind the doctrine of *res judicata*." *Id*. at *4. There is simply no doubt that the determination of liability as to the FLSA issues included in that order and appeal are now final.

I conclude that the first element of *res judicata*, final judgment on the merits, has been satisfied.

### B. Identity of Cause of Action in Both Lawsuits

In *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 13350 (10th Cir. 1988), the Tenth Circuit has adopted the "transactional approach" of the RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982) to describe what constitutes a single "cause of action":

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
> (2) What factual grouping constitutes a 'transaction', and what groupings

>constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage.

In applying the transactional approach to the facts of the case at bar, it is clear that Plaintiffs' claims arose out of the same transaction or series of transactions, i.e., those having to do with the compensability of travel and wait time between split shifts and the use of City operated shuttles. A comparison of the allegations of the complaints filed in Lawsuits I and II make apparent the close factual connection of the underlying allegations. Each theory of relief implicates the same "transaction" – the compensability of the entire split shift period and time spent on City operated shuttles going to and from relief points. Each set of facts are intimately related in "time, space, origin, or motivation". The fact that Plaintiffs have alleged several additional legal theories in Lawsuit II is irrelevant because each complaint arises from the same group of operative facts. *See, e.g., Strickland v. City of Albuquerque*, 130 F.3d 1408, 1412 (10th Cir. 1997).[2]

I conclude that the second element of *res judicata*, identity of cause of actions in both lawsuits, has been met.

### C. Identity of Parties or Their Privies in the Two Suits

Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same. *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 329 n.19 (1955), *cited in Lowell Staats Min. Co. v.*

---

[2] The scope of Defendants' Motion for Summary Judgment did not include the new additional legal theories. These are addressed however in two separate memorandum opinions and orders that will be filed simultaneously with this one.

*Philadelphia Elec. Co.*, 878 F.2d 1271, 1277 (10th Cir. 1989).  Defendants mention the recognition by federal courts that privity exists between labor unions and the individual members of those unions when the union acts in a representative capacity.  *See Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).  I agree with Defendants that the Union's involvement in this litigation makes clear that it acted (in the first suit) and continues to act (in the second suit) in a representative capacity.  The Union and the named individual Plaintiffs "are really and substantially in interest the same" for any and all claims arising out of the compensability of time spent traveling and waiting during and in between split shifts. Furthermore, the interests of the Plaintiffs in both actions are so closely aligned with each other as to make the Plaintiffs in Lawsuit I the virtual representatives of Plaintiffs in Lawsuit II.

I conclude that the third element of *res judicata*, identity of parties or their privies in the two suits, has been met.

### III.  Conclusion

I conclude that all elements of the doctrine of *res judicata* have been met and that Defendants' motion for summary judgment based on this doctrine is **granted**.  Specifically, the Lawsuit II Plaintiffs are precluded from litigation of these claims:  (a) time spent which is one or more hours between "split shifts";  (b) shuttle time going to a relief point for their first or only bus run of the day and from their last or only bus run of the day;  (c) liquidated damages;[3] and, (d) the applicability of the two-year statute of limitations.  As noted above, I conclude that these

---

[3]  The Court draws attention to the fact that, in the Memorandum Opinion and Order appointing a Special Master, the Court left open the issue of liquidated damages from the date of the Tenth Circuit opinion forward. This conclusion is in no way altered by this Memorandum Opinion and Order.

four claims have already been advanced and decided.

Preclusive effect under the doctrine of *res judicata* is given not only to those claims already advanced and decided, but also to claims that were not brought, but *could have* been brought.  *Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1277 (10th Cir. 1989). Defendants argue that Plaintiffs' claim for time spent walking to and from and waiting at relief points, although not raised previously, could have been raised in the prior suit but were not. I accept this reasoning and conclude that under the doctrine of *res judicata* any and all claims for time spent walking to and from and waiting at relief points is precluded.

**WHEREFORE**, for the above-stated reasons Defendants' Motion for Summary Judgment on Plaintiffs' Fair Labor Standards Act Claims (Docket No. 287) is **granted to the extent stated herein.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**