UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEMEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 3 0 2003

CLERK

UNITED TRANSPORTATION UNION
LOCAL 1745, et al.,

                Plaintiffs,

v.                                            CIV No. 96-716 LH/ACT-ACE

CITY OF ALBUQUERQUE, et al.,

                Defendants,

*Consolidated With*

JIMMY S. ANDERSON, et al.,

                Plaintiffs,

v.                                            CIV No. 99-208 MV/LFG-ACE

CITY OF ALBUQUERQUE, et al.

                Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following its review of the Report of Special Master on Issue of Settlement of Extra-Board Driver Travel Time (Docket No. 364). The Court having reviewed Plaintiffs' Objections to Special Master's Report (Docket No. 375) and Defendant Albuquerque's Exceptions to Special Master's Reports (Docket No. 374), and being fully advised

1

383

in the premises, concludes that the findings of fact, conclusions and recommendations as contained in this report shall be accepted and adopted as the Order of this Court, with the minor exceptions noted below. Furthermore, the Court has again considered the City's Second Motion to Enforce Settlement Agreement (Docket No. 335), and concludes that it shall be **granted**. Finally, the Special Master is ordered to conduct a hearing on the issue of allocation to individuals of the settlement for compensation for extra-board driver travel time, as discussed below.

### I. Legal Standards

In this action to be tried without a jury, the Court must accept the master's findings of facts unless clearly erroneous. 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 5313[3][d] (3d ed. 2003). A finding is "clearly erroneous" if it is without substantial evidentiary support or was induced by an erroneous application of the law. *Id.* A reviewing court may set aside a finding only if, based on the entire record, with due regard for the special master's opportunity to judge credibility, the court is convinced that there is not substantial evidence to support the finding. In the absence of clear error, a special master's findings must be affirmed, even if the court thinks they are against the weight of the evidence, or is convinced that it would have decided the case differently.

On the other hand, a special master's conclusions of law are not entitled to deference by the referring district court and this Court's scrutiny of them is essential. *See Polin v. Dun & Bradstreet, Inc.*, 643 1319, 1321 (10th Cir. 1980).

### II. Overview

Extra board drivers are substitutes, filling in when other drivers are ill, on vacation, or

otherwise unavailable. The topic of this category of compensation was before the Court most recently when the Court entered a Memorandum Opinion and Order (Docket No. 360), taking under advisement a motion filed by the City to enforce a purported settlement agreement. Specifically, the motion was taken under advisement, pending findings and recommendations from the Special Master. That Memorandum Opinion concluded that, largely based upon the Bergmann affidavit, a settlement agreement had been reached, but left open the issue of enforcibility of the agreement. The Opinion instructed the Special Master to:

> conduct an evidentiary review of the terms of the settlement agreement and to conduct a hearing as to its fairness, and as to whether or not any material facts concerning its terms are in dispute. At that time, the Special Master shall make findings and recommendations to this Court on these issues: (1) the undisputed material terms of the agreement; (2) whether or not there is any material dispute as to the actual terms of the settlement agreement, and if so the specific nature and extent of any such dispute(s); (3) whether or not this agreement is fair; and (4) based on these and any other relevant factors, whether or not the agreement should be judicially approved. The Special Master shall address Plaintiffs' concern that, if the agreement is enforced, their counsel would not know how to distribute the lump sum payment among the individual drivers. Furthermore, in the event that she recommends enforcement of the agreement, the Special Master shall recommend terms for a Partial Judgment that would be entered in the event that this Court ultimately approves the agreement. The Special Master is to provide the Court with whatever recommendations may be relevant as to how this agreement may be implemented, if it is to be enforced.

Plaintiffs' objection to this report now before the Court are that, despite the language of her December 13, 2001 order, the Special Master still has not made a finding as to the recommended amount of compensation for each driver. They also object to any purported settlement of this issue and argue that the Special Master failed to perform her work in accordance with this Court's orders. Plaintiffs also reiterate findings and conclusions that they apparently submitted to the Special Master but which were rejected by her.

3

The City does not object to the Special Master's Report except for her list of extra board drivers included in the settlement. The City proposes that Attachment A to its July 14, 2003 Exceptions to Special Master's Reports (Docket No. 374) be substituted for Attachment A to the Special Master's Report. The City states that it advised the Special Master of the discrepancies but that she declined to rule upon them.

### III. Review of Factual Basis for Recommendation

In her report, the Special Master made findings as to some occurrences before the settlement was reached, as well as findings as to the undisputed material terms of the agreement. These include the amount of the settlement, $57,000.

The Special Master preliminarily calculated that a reasonable possible range of recovery based upon the evidence, would be between $33,000 and $85,000. (SMFOF 13). Finding of Fact 16 contains the material terms of the agreement that the Special Master found were not disputed. In essence these included the settlement amount of $57,000 for 39 drivers listed in Attachment A to the report; that compensation for the "Gap Period" was included in the settlement amount; that costs and attorney fees were not included in the settlement figure; that allocation of the settlement monies would be determined at a later date and by separate process.

To the extent that the Special Master made factual findings, I conclude that Plaintiffs have not sustained their heavy burden to show such findings to be clearly erroneous. There appears to be substantial evidentiary support for these findings and it appears that the Special Master has correctly applied relevant law. For these reasons, these findings shall be accepted.

4

## IV. Review of Conclusions of Law

The Special Master noted the advantages afforded Plaintiffs by this settlement, in terms of a savings of time, expense and effort. (SMCOL 4). She concluded that the settlement is fair if it covers only the bid periods from May 1, 1994 to October 10, 1999, and only those Plaintiffs named in the attachment to her report. (SMCOL 6). She found that the issue of allocations due each individual driver cannot be determined until there is a hearing for which each extra board driver is given notice and an opportunity to be heard. (SMCOL 7). She concluded that there is no material dispute as to the actual terms of the settlement agreement. (SMCOL 8).

As noted above, this Court may not accord the Special Master's legal conclusions deference and must carefully scrutinize them. Although delineated as legal conclusions, in fact they are largely factual in nature, and they appear to be substantially supported by the evidence. There are no objections from either party as to the specific conclusions and recommendations of the Special Master. The Court has carefully scrutinized these and concludes that they shall be accepted.

**WHEREFORE, IT IS HEREBY ORDERED** that the Report of Special Master on Issue of Settlement of Extra-Board Driver Travel Time (Docket No. 364) is hereby accepted and adopted as the Order of this Court, *except* that the Special Master in instructed to consider the City's argument that the list of extra board drivers included in the attachment to this report is inaccurate. The Special Master is directed to make an amendment to her report in this regard, if she deems it proper to do so. Furthermore, this Court specifically adopts the recommendation of the Special Master and concludes that the settlement covers only the bid periods from May 1, 1994 to October 10, 1999.

**FURTHERMORE, IT IS ORDERED** that the City's Second Motion to Enforce Settlement Agreement (Docket No. 335) is **granted.** Furthermore, because the amount of this compensation was settled by agreement of the parties, neither prejudgment interest or liquidated damages will be awarded.

**IT IS FURTHER ORDERED** that the Special Master shall conduct an allocation hearing, as partially described in her report, with proper notice afforded to all extra board driver Plaintiffs. As soon as possible, the Special Master shall provide notice of the hearing to each individual extra board driver and allow him/her the opportunity to object to said proposed allocation. Upon completion of the hearing, the Special Master shall provide a detailed report to the Court, including the recommended amount of compensation for each driver.

**IT IS FURTHER ORDERED** that within ten (10) days of the filing of this Memorandum Opinion and Order, the Special Master shall provide to the Court and to the parties her proposed schedule for providing notice of the hearing and for conducting the allocation hearing. She shall also indicate the date that it is feasible for her to provide the detailed report mentioned in the above paragraph, to the Court. It is the duty of the Special Master to proceed with all reasonable diligence. FED.R.CIV.P. 53(d).

**IT IS FURTHER ORDERED** that any and all objections to this Memorandum Opinion and Order shall not be filed with this Court until after the final report[1] of the Special Master has been submitted to the Court, as ordered in this Memorandum Opinion and Order. The parties will be afforded an opportunity to object to the final report of the Special Master after it has been submitted

---

[1] This final report will be filed by the Special Master after she conducts an allocation hearing on the amount due individual drivers following settlement of their claims for compensation for extra board driver travel time.

to the Court. Once the Court has filed its written opinion as to the final report of the Special Master, the parties will then be given an opportunity to file objections, if any, to **all** Court opinions and orders that evaluated the Special Master's reports, including this Memorandum Opinion and Order. Consequently, until further notice from the Court, the stay imposed by the Court in it April 17, 2003 order, of any further filings by the parties in this matter, shall remain in force and effect.

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE