## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED TRANSPORTATION UNION,
LOCAL 1745, et al.,

        Plaintiffs,

   vs.                                  No. CIV 96-0716 LH

CITY OF ALBUQUERQUE, et al.,

        Defendants.

   and

JIMMY ANDERSON, et al.,

        Plaintiffs,

   vs.                                  No. CIV 99-0208 MV
                                       (Consolidated with No. CIV 96-0716)

CITY OF ALBUQUERQUE, et al.,

        Defendants.

### PLAINTIFFS' AMENDED UNOPPOSED MOTION TO APPROVE
### SETTLEMENT AND DISTRIBUTION OF SETTLEMENT PROCEEDS

    **COME NOW** the Plaintiffs, individually and on behalf of similarly situated employees and through their counsel request that the Court approve the settlement and distribution of the proceeds of settlement in the above-referenced matter.  In support of their motion, Plaintiffs would show the following:

### I.      FACTUAL BACKGROUND

    This is a representative action by Plaintiffs on their own behalf and on behalf of similarly situated employees (henceforth "Plaintiffs") pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq.  Through this litigation Plaintiffs sought back wages and other compensation

due to them from the Defendant City of Albuquerque Transit Department for work performed. Cause No. CIV 96-0716 LH was commenced May 23, 1996, and was subsequently consolidated with Cause No. CIV 99-0208 MV, a similar representative action also brought pursuant to the FLSA.  Through a series of pre-trial orders and appeals, the Court has ruled upon all legal issues necessary for final adjudication of Plaintiffs' claims.  Similarly, factual issues necessary to final adjudication have also been determined by the findings and recommendations of a Special Master appointed by the Court such that the Court could proceed to final adjudication.

However, a number of collateral issues have not been decided by the Court, and both parties have preserved substantial issues for appeal.  To avoid appeal and to bring finality to this litigation, the parties have participated in mediation before the Honorable Gene Franchini on October 12-13, 2004, resulting in an agreement resolving all remaining issues.  Because the agreement reached involves a compromise of disputed claims under the FLSA on behalf of similarly situated employees, Plaintiffs seek review and approval by the Court of the terms of settlement and the proposed distribution of settlement proceeds.  The settlement agreement and proposed distribution are outlined below.

## II.   SETTLEMENT AGREEMENT

By agreement dated October 13, 2004, the Defendant City of Albuquerque agreed to pay the Plaintiffs the total sum of **Four Hundred Fifty Thousand Dollars ($450,000.00)** in settlement of their consolidated claims.  This amount, referred to hereinafter as the "gross settlement" consists of two components: 1) "scheduled settlement payments"; and 2) "unscheduled settlement funds."  The gross settlement does not include amounts paid to those employees whose claims were previously dismissed by the Court.  In addition, the gross settlement does not

include Plaintiffs' costs or attorney's fees which, by agreement, are to be decided by stipulation

of the parties or by separate petition to the Court.  On payment of the gross settlement and costs

and attorney's fees, the parties have stipulated to the dismissal of this action.

### A.    Scheduled Settlement Payments

The "Scheduled Settlement Payments" consist of back wages calculated by the Special

Master and subsequently adopted by the Court, and back wages owed to the Extra Board

Plaintiffs as agreed between the parties and subsequently approved by the Court by Memoran-

dum Opinion (Doc. No. 383).  The scheduled settlement payments total **Two Hundred Forty-**

**Three Thousand, Seventy-Eight and 26/100ths Dollars ($243,078.26)**.  The scheduled

settlement payments are set forth in **Exhibit A** attached hereto.

### B.    Unscheduled Settlement Funds

The "Unscheduled Settlement Fund" is equal to the difference between the gross

settlement amount of **Four Hundred Fifty Thousand Dollars ($450,000.00)** and the scheduled

settlement payments set forth above.  Therefore, the unscheduled settlement fund is **Two**

**Hundred and Six Thousand, Nine Hundred and Twenty-One and 74/100ths Dollars**

**($206,921.74**). ($450,000.00 minus $243,078.26 equals $206,921.74).

This is an amount agreed to between the parties to compromise, settle and satisfy the

disputed claims of Plaintiffs and may represent back wages, liquidated damages, interest, costs

aside from taxable costs and attorney's fee necessary to the administration of this litigation and

its settlement, lost opportunity, and similar damage or expense, all of which Defendant disputes.

Plaintiffs seek approval of this settlement agreement.

### III.    DISTRIBUTION OF SETTLEMENT PROCEEDS

#### A.    Scheduled Settlement Payment:

The parties have agreed that Defendants, through their usual payroll processes will distribute the scheduled settlement payments amounting to **Two Hundred and Forty Three Thousand, Seventy-Eight and 26/100ths Dollars ($243,078.26)** to those employees and former-employees who execute full releases of the City**,** in those gross amounts set forth in **Exhibit A** attached hereto.  These payments constitute back wages and will be subject to statutory withholdings including but not limited to federal and state income taxes, FICA and Medicare.  Defendants will make a good faith, diligent effort to distribute the scheduled settlement payment to each Plaintiff or similarly situated employee or former-employee by distributing the check to each such plaintiff currently employed and sending the check to the last known address of each such former-employee, according to City records.

In the event any scheduled settlement payment cannot be made, for any reason, Defendants will remain liable for an amount equal to the unpaid scheduled settlement payment**s** on behalf of the intended recipient employee for a period of ninety (90) days.  The employee or former-employee can make a claim against the City at any time during this ninety (90) day period.  At the conclusion of this ninety (90) day period, any amounts not claimed will be tendered to a Trust Fund to be distributed as set forth below under Sub Section III B.  The City takes no position or responsibility relative to Plaintiffs' internal Settlement Fund distribution process, which is set forth below under Section III B, or its fairness.

4

### B.      Unscheduled Settlement Funds:

The unscheduled settlement fund of **Two Hundred and Six Thousand, Nine Hundred and Twenty-One and 74/100ths Dollars ($206,921.74)** will be paid by Defendants to a Trust Fund to be established by the New Mexico Transportation Union (NMTU) and distributed pursuant to the following formula:

### 1.      Administrative Costs and Other Fees

The NMTU will be reimbursed for costs, expenses, and obligations reasonably and necessarily incurred to support the litigation of these claims as well as the distribution of the unscheduled settlement proceeds.  These administrative costs include, but are not limited to office overhead and clerical support, union per diem pay for participation in litigation and settlement conferences, mediation fees and expenses, fees for legal, accounting, and financial matters not otherwise taxable to Defendants, and similar expenses reasonably related to the resolution of these lawsuits and distribution of the proceeds.  The NMTU will be solely responsible for the appropriate administration of this reimbursed amount.  The amount to be reimbursed to NMTU is $22,971.80, which includes a $11,400.00 estimated reimbursement for prior and future costs of litigation and distribution of proceeds.  In addition, a compromised contingency fee, negotiated among Plaintiffs at the time of mediation and settlement, will be paid to Plaintiffs' counsel, Paul Livingston, in the amount of $25,000.00.  The total of administrative costs and other fees is **$47,971.80**.

### 2.      Residual Fund:

After the Unscheduled Settlement Fund is reduced by the reimbursement of administrative costs and fees as described above, a Residual Fund is created.  This residual fund is in the

amount of **$158,949.94**; i.e., Unscheduled Settlement Fund ($206,921.74) minus Administrative Costs and Other Fees ($47,971.80) equals Residual Fund ($158,949.94).

**The Residual Fund will be distributed as follows:**

**A.     Base Settlement Pay:**

Each consenting Plaintiff remaining in the cases at the time of settlement will be paid a minimum of Three Hundred Dollars ($300.00) consisting of the gross scheduled payment distributed by Defendant, pursuant to Section IIIA, above, plus a supplemental payment and/or a Weighted Payment as described below.

**B.     Supplemental Payment:**

When the scheduled payment plus the weighted payment is less than $300.00, a supplemental payment will be paid so that a base settlement amount of $300.00 to each remaining consenting plaintiff is insured.  Supplemental payments are identified in a column on Exhibit A labeled "$300 minimum."  The total of all supplemental payments is **$16,749.16.**

**C.     Weighted Payment:**

The residual fund will be distributed to each consenting Plaintiff in a prorated share equal to the Residual Fund minus supplemental payments divided by the sum of all scheduled payments multiplied by each individual's scheduled payment.  That amount is calculated at 58.5% of the scheduled payment for each individual plaintiff.  The total of weighted payments is **$142,200.78**.

### D.     Summary

Payments from the Unscheduled Settlement Funds, including supplemental payments ($16,749.16), weighted payments ($142, 200.78), and administrative costs and other fees ($47,971.80) total **$206,921.74**, which fully depletes the Unscheduled Settlement Fund.

### 3.     Wage Withholding:

Taxes and other wage withholdings will not be withheld from payments made from the Unscheduled Settlement Fund.  No representations are made by Plaintiffs or Defendants, or their attorneys or representatives regarding the taxability of distributions from this fund.  The individual recipients of such funds are advised to seek counsel or competent tax advice regarding the taxability of such payments and are solely responsible for any taxes due.

### 4.     City Held Harmless

Defendants have neither control over, nor obligations to distribute the Unscheduled Settlement Fund and accordingly are not responsible for its distribution.  NMTU, as trustee for this fund, will defend, release and hold Defendants harmless from any and all claims or causes of action, including costs and attorneys' fees arising from the distribution of the Unscheduled Settlement Fund.

### 5.     Undistributed Funds

The NMTU will make a good faith, diligent effort to distribute the Unscheduled Settlement Fund payments to each consenting Plaintiff remaining in the settled cases.  One year from the date of entry of the Court's Order approving distribution, any undistributed payment and all accrued interest thereon maintained by the Trust Fund will be paid over to a hardship fund to

7

benefit City bus and van drivers if the amount is less than $5,000.00 or distributed to Plaintiffs on a pro-rated basis if the amount is more than $5,000.00.

### IV.    OBJECTIONS TO DISTRIBUTION OF SETTLEMENT PROCEEDS

Plaintiffs have notified and made copies of Plaintiffs' Unopposed Motion to Approve Settlement and Distribution of Settlement Proceeds available to all Plaintiffs who have consented to representation of their claims in this matter and who could be contacted.  Those employees and former-employees have been notified of the deadline for filing written objections, **March 1, 2005**, and the date, time, and place of hearing, **March 16, 2005, 10:00 a.m., U.S. Courthouse, 421 Gold Ave., SW, Albuquerque, NM**, so that objections, if any, to Plaintiffs' motion can be presented to the Court.

**WHEREFORE**, Plaintiffs respectfully request this Court approve the settlement and the distribution of settlement proceeds set forth herein.

Respectfully submitted,

*Electronically signed and filed*

_____
Paul Livingston
Attorney for Plaintiffs
P.O. Box 250
Placitas, NM 87043
(505) 771-4000

and

*Electronically signed*

_____
Justin Pennington
Attorney for Plaintiffs
2014 Central Avenue SW, Suite H
Albuquerque, NM 87104
(505) 842-9164

8

I hereby certify that a true copy of the
foregoing amended motion was faxed
and/or e-mailed to counsel for Defendants
on March 14, 2005.

*Electronically signed*

_____

Paul Livingston